PONDER, Judge.
Defendants, Leon Gaten, All Risk Management Claim Service and Genway Corporation, appealed from the judgments in these consolidated cases arising from an automobile collision. The issues are the liability of the two drivers and the responsibility of the other defendants.
We affirm in part and reverse in part.
Gaten was driving on a street that crossed over a railroad track. Defendant, Albert Bishop, was traveling on one of the streets that paralleled the track, one on each side of the track. There were stop signs facing Gaten before he crossed the street on the first side of the track and before he crossed the track but none, immediately before he crossed the street on which Bishop was proceeding. Bishop’s street was the preferred one. Neither driver stopped and the collision occurred.
Two passengers in Gaten’s car sued Ga-ten, Genway Corporation, All Risk Management Claim Service, Bishop and Bishop’s insurer, State Farm Mutual Automobile Insurance Co., for personal injuries. Gaten, Genway, and All Risk filed third party demands against Bishop and State Farm for contribution. State Farm and Bishop sued Gaten, Genway and All Risk for the property damage to Bishop’s car.
The trial court gave damages to plaintiff Hickerson for herself and for her son, Steve Terry, against Gaten, All Risk and Genway; gave recovery to State Farm and Bishop against the same defendants; dismissed Hickerson’s claims for herself and son against Bishop and State Farm; and dismissed the third party demands against Bishop and State Farm. We are informed by brief that the appellants have settled with the plaintiff in Suit No. 13,356.
The appeals of Gaten, All Risk and Gen-way claim that Bishop was negligent and that judgment should be had against Bishop and State Farm for contribution.
There was no proof of negligence on Bishop’s part. He was traveling on a through street and was not exceeding the speed limit. Therefore, Bishop and State Farm are not barred from recovery because of his contributory negligence. Further, they are not liable for contribution as Bishop was not a joint tortfeasor.
All Risk and Gen way further contend that liability against them was not proved. There was no proof in the record *73 that the car was owned by anyone other than Gaten. Nor was there any proof that All Risk was the insurer of the vehicle, or that Genway was involved at all. Therefore, there can be no judgment against Genway or All Risk.
In Suit No. 13,356, 388 So.2d 73 (La. App.) the judgment dismissing the third party demand is affirmed.
The costs of this appeal are assessed to appellants.
AFFIRMED.